Todd Blanche
Acting Attorney General
Courtney R. Pratten
Assistant United States Attorney
Eastern District of Washington
402 E. Yakima Avenue, Suite 210
Yakima, Washington  98901
(509)  454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO:  1:25-CR-02076-SAB-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES' |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| | ) | |
| BOBBY PAUL COLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through Courtney R. Pratten, Assistant

United States Attorney for the Eastern District of Washington, submits the

following sentencing memorandum. The parties are making a joint recommendation

of 120 months incarceration to be followed by five years of supervised release after

Defendant entered a guilty plea to one count of Possession with Intent to Distribute

400 grams or more of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi).

UNITED STATES' SENTENCING MEMORANDUM    1

Additionally, the United States is recommending the Court impose a $100 mandatory special assessment.

I.    Base Offense Level and Enhancements

The PSIR provides for a total offense level of 31, and a criminal history category of V, with a recommended Guidelines range of 168 - 210 months. ECF 44, ¶ 152. The United States agrees with the Guidelines calculations in the PSIR. Moreover, the United States does not have any objections to the PSIR.

II.    Departures

The United States is not seeking a departure in this matter.

III.    Sentencing Factors Under 18 U.S.C. §3553(a)

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

1.    The nature and circumstances of the offense and the history and characteristics of the defendant.

On June 28, 2025, Yakima Police Department (YPD) responded to a domestic call. ECF 44, ¶ 12. The victim told officers she and Defendant got in an argument and when she locked herself in the bathroom, he kicked the door. ECF 44, ¶ 12. She told police that Defendant was still at the scene and that he was armed with a gun. ECF 44, ¶ 12. When law enforcement tracked him down, Defendant ran. ECF 44, ¶ 17. He was

UNITED STATES' SENTENCING MEMORANDUM    2

seen throwing a gun away as law enforcement pursued him. ECF 44, ¶ 17. Defendant was eventually apprehended after law enforcement threatened him with a taser. ECF 44, ¶ 18. Defendant had a backpack on his person when he was apprehended. ECF 44, ¶ 18. The backpack was searched incident to arrest, and it contained 4,824 Fentanyl pills containing 510.1 grams of Fentanyl, 99 Fentanyl pills containing 10.5 grams of Fentanyl, 10.9 grams of cocaine hydrochloride, 2.926 grams of Fentanyl, and 1.223 grams of Fentanyl. ECF 44, ¶¶ 20 - 24.

Defendant has a long criminal history, with his adult convictions taking a more serious turn when he was 23 years old. At that time, he was convicted of Residential Burglary. ECF 44, ¶ 57. He got two convictions for possessing a stolen vehicle – one conviction originating from 2018 conduct and one originating from 2019 conduct. ECF 44, ¶¶ 73, 77. In early 2020, Defendant got a third conviction for possessing a stolen vehicle, for which he was sentenced to fifty-seven months of incarceration. ECF 44, ¶ 80. A few months later, he was convicted of theft of a motor vehicle, and he was sentenced to fifty-seven months of incarceration to run concurrent with his earlier 2020 sentence of the same length. ECF 44, ¶ 91. In the summer of 2020, Defendant was convicted of taking a vehicle without permission and he was sentenced to seventy-two months of incarceration – this too was to run concurrent to his fifty-seven month sentences. ECF 44, ¶ 95. Records reflect Defendant is involved, associated with, or has a history with the Noteno gang. ECF 44, ¶ 125. He also has a

history of substance abuse in the form of alcohol abuse, marijuana use, cocaine/crack use, methamphetamine use, and heroin/opiates use. ECF 44, ¶¶ 132 - 136.

2. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.

Defendant's conduct in June 2025 was serious. He fled officers trying to engage him, and when he was apprehended, he was found to be in possession of a large amount of narcotics. He also had a loaded firearm in his possession. Drugs and guns are a serious combination, and it is extremely risky when an individual brings them into the public sphere. It endangers both the individual, as well as members of the public. Moreover, in this case, defendant is drug dealer, increasing some portion of the public's knowledge that he likely has narcotics on his person most of the time, and making him a potential target for violence.

Additionally, Defendant has admitted he possessed the large amount of narcotics on his person in June 2025 because he intended to distribute those drugs. This is unarguably dangerous conduct, and it contributes to the extreme danger presented to members of the community as a whole when other members of the community are involved in the regular purchase and consumption of narcotics.

Defendant's criminal history, and specifically how consistent his encounters with the justice system have been since he reached adulthood, is troubling and shows a general lack of respect for the law. Moreover, he fled from law enforcement in the instant case, in his March 2019 case wherein he was convicted of taking a vehicle

UNITED STATES' SENTENCING MEMORANDUM    4

without permission, and in his March 2020 case, wherein he was convicted of possession of a stolen vehicle.  ECF 44, ¶¶ 78, 84. Defendant has exhibited a pattern – as recent as in the instant case – of fleeing from law enforcement after having committed a crime. This regular activity is clear evidence of his lack of respect for the law.

The United States believes that a 120 month sentence, or ten years of incarceration, followed by five years of supervised release, making Defendant accountable to the federal criminal justice system for a total of fifteen years, is appropriate given the nature, circumstances, and seriousness of the offense, Defendant's demonstrated lack of respect for the law, and the need for just punishment. Ten years is the statutory mandatory minimum for possession with intent to distribute at this level, and a total of a fifteen-year sentence will provide Defendant over a decade of time in which he can cut ties with both the drug world and his gang affiliations and focus on building a safer and more productive future.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.</u>

Defendant is thirty-five years old, and his PSIR shows he is no stranger to the legal system. For the good of his community and himself, he needs to stop his dangerous narcotics-related behavior, his proclivity to engage in theft, and his general failure to acknowledge the law and legal authorities. At this point, Defendant has made a good start by taking responsibility for his crime and entering a guilty plea, and

UNITED STATES' SENTENCING MEMORANDUM     5

to ensure this positive pattern continues, deterrence through a lengthy sentence is necessary.

The public deserves and needs to be protected from further crimes of Defendant and needs and deserves to have actual assurances he will not possess dangerous items like firearms or narcotics, bring that dangerous combination into public, or engage in any other of the countless crimes he has committed over his lifetime. The United States believes a sentence of 120 months of incarceration followed by five years of supervised release will address this concern, as well as all the other §3553(a) sentencing factors.

IV.

For the reasons stated above, the United States recommends that the Court impose a sentence of 120 months of incarceration. Moreover, the United States recommends any term of incarceration be followed by a five-year term of supervised release and a $100 mandatory special assessment.

DATED this 28th day of April 2026.

TODD BLANCHE
Acting Attorney General

*/s/Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM    6

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification to the counsel of record in this case.

*/s/ Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425